[Cite as *Brandt v. Solon Police Dept.*, 2022-Ohio-3948.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| PATRICIA BRANDT | Case No. 2022-00299PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| SOLON POLICE DEPARTMENT | |
| Respondent | |

**{¶1}** Respondent Solon Police Department (Solon PD) objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules Solon PD's objections for reasons set forth below.

## I.  Background

**{¶2}** On April 5, 2022, Requester Patricia Brandt (an Ohio attorney) "c/o The Spitz Law Firm" filed a Complaint against Solon PD wherein Brandt alleged a denial of access to public records in violation of R.C. 149.43(B). Brandt sought certain records concerning an incident at Swirl Wine Bar to which officers from the Solon Police Department were dispatched. In the Complaint, Brandt generally alleged that Solon PD failed to fully provide records as requested by Brandt in November 2021.

**{¶3}** The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. Solon PD filed a response to Brandt's Complaint and Solon PD concurrently moved for a Civ.R. 12(B)(6) dismissal of Brandt's Complaint. Later, Solon PD filed a supplemental response.

**{¶4}** On September 27, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master has recommended denying Solon PD's Civ.R. 12(B)(6) motion as the Special Master "[found] that neither mootness nor comprehensive application of the claimed exemption [that all withheld records are exempt

from release as specific investigatory work product under R.C. 149.43(A)(1)(h) and (A)(2)(c)] is conclusively shown on the face of the complaint." (R&R, 3.) The Special Master has stated: "Moreover, as the matter is now fully briefed these grounds are subsumed in the arguments to deny the claim on the merits. It is therefore recommended the motion to dismiss be denied." (R&R, 3.)

{¶5} The Special Master "[found] the claim for production of records partially moot to the extent that portions of the first nine pages of the incident report have been produced." (R&R, 4.) The Special Master stated, "Based on timing, content, and authorship, the Special Master finds that Sealed Records/BATES STAMPED/Solon PD Records–In Camera Inspection–1-399, p. 1-12 and all contemporaneous records referenced therein constitute the initial incident report for Incident No. 21-00372." (R&R, 9-10.) The Special Master also "[found] after review *in camera* that form pages 13 through 73 of the Incident/Offense report, and all notes, reports, evidence, and other non-form report materials created and assembled after March 8, 2021 and not specifically addressed in [a table in the Report and Recommendation] did <u>not</u> initiate the investigation but constitute investigatory work product generated after the investigation was under way. *Myers* at ¶ 40 These later records are exempt from disclosure by R.C. 149.43(A)(1)(h) and (A)(2)(c) until the investigation has concluded by criminal trial or is otherwise closed. *Id.* at ¶ 32." (R&R, 15.)

{¶6} The Special Master further "[found] that [a] fifteen-day delay [to produce certain pages in an initial incident report] in the instant case is a violation of R.C. 149.43(B)(1)." (R&R, 16-17.) In support of this finding, the Special Master stated:

"Routine offense and incident reports are subject to *immediate release* upon request." (Emphasis added.) See *State ex rel. Steckman v. Jackson,* 70 Ohio St.3d 420, 639 N.E.2d 83 (1994), paragraph five of the syllabus. Solon PD claims it made its pre- litigation response timely and with "good faith explanation, with legal authority, to justify the redactions and exemption of non-public records." (Response at 2.) However, Solon did not produce the first nine pages of the regular initial incident report for fifteen days and has not produced the contemporaneous narratives, interview video or other records referenced in the report for the last ten

months and counting. No well-informed public office would reasonably believe that failure to release at least the first nine pages of the initial incident report *immediately* did not constitute failure to comply with long-standing obligations imposed by R.C. 149.43(B)(1) and the relevant case law.

As the Supreme Court stated in *Myers*:

In *Steckman*, 70 Ohio St.3d 420, 639 N.E.2d 83, and in later cases, we stated that incident reports constitute public records and do not constitute confidential work product. Here, the city did not misunderstand Myers's request; instead, it misunderstood its clearly established duties under R.C. 149.43. Accordingly, the city violated its statutory obligation under R.C. 149.43(B)(1) to promptly provide the incident-report forms to Myers, and Myers is entitled to statutory damages.

*Myers* at ¶ 61-62. The Supreme Court found that as little as three days from a request for an incident report to its disclosure constituted failure to promptly provide the report. *Id.* at ¶ 27-28, 60.

(R&R, 16.)

In the Report and Recommendation, the Special Master states in conclusion:

Upon consideration of the pleadings, attachments, and responsive records filed under seal, the Special Master recommends the court issue an order granting the claim for production of records as detailed in the text and table [contained in the Report and Recommendation]. The Special Master further recommends the court find that respondent may redact exempt items from its records as expressly provided in the report. It is the responsibility of respondent to release any additional records, properly redacted, in conformity with the findings and order issued by the court. *State ex rel. Toledo Blade Co. v. Telb*, 50 Ohio Misc.2d 1, *11-12, 552 N.E.2d 243, 251 (C.P.1990). The Special Master further recommends the court find that respondent failed to

produce all public records in a reasonable period of time. The Special Master recommends the court order that requester is entitled to recover from respondent the costs associated with this action, including the twenty-five-dollar filing fee. R.C. 2743.75(F)(3)(b).

(R&R, 17.)

{¶7} On October 6, 2022, Solon PD filed written objections to the Special Master's Report and Recommendation. Solon PD's counsel certifies that a copy of Solon PD's objections was filed electronically and that notice of the filing "will be sent to all parties by operation of the Court's electronic filing system and by certified mail[.]"

{¶8} Seven days later—on October 13, 2022—Brandt filed a written response to Solon PD's objections, urging that the Special Master made the correct and proper finding that Solon PD delayed in producing the first nine pages of the initial incident report for fifteen days, and that this delay was a violation of R.C. 149.43(B)(1). Brandt's response is not accompanied by a completed proof of service that states the date and manner of service of Brandt's response.

## II. Law and Analysis

{¶9} The General Assembly created an alternative means to resolve public-records dispute through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), not later than seven business days after receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." However, for good cause shown, a special master "may extend the seven-day period for the submission of the report and recommendation to the court of claims under this division by an additional seven business days." R.C. 2743.75(F)(1).

{¶10} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation. Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and

recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

**A. Requester's response to Solon Police Department's objections fails to comply with procedural requirements under R.C. 2743.75(F)(2) and the Ohio Rules of Civil Procedure.**

{¶11} Requester Brandt's response is not accompanied by any proof of service. Pursuant to R.C. 2743.75(F)(2), if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and *send a copy of the response to the objecting party by certified mail, return receipt requested*." (Emphasis added.) Brandt thus has failed to comply with R.C. 2743.75(F)(2)'s procedural requirements for serving a response to an objecting party's objections.

{¶12} Under R.C. 2743.03(D), the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter." Pursuant to Civ.R. 5(B)(4), a served document is required to be "accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11." According to Civ.R. 5(B)(4), *"[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."* (Emphasis added.) Therefore, to the extent that the Ohio Rules of Civil Procedure are not inconsistent with R.C. 2743.75(F)(2), Brandt's response should not be considered by the Court, absent proof of service, according to Civ.R. 5(B)(4).

**B. Solon PD's objections are not well taken.**

{¶13} Pursuant to R.C. 2743.75(F)(2), "[a]ny objection to the report and recommendation shall be specific and state with particularity all grounds for the objection." Here, Solon PD objects to the Special Master's finding that it failed to produce records to Brandt in a timely manner. Solon PD maintains that it provided records in a reasonable

amount of time given the large quantity of documents requested and in need of review by Solon PD prior to production.

{¶14} Upon independent review, the Court finds that the Special Master's conclusion (namely, Solon PD's failure to immediately release at least the first nine pages of an initial incident report failed to comply with long-standing obligations imposed by R.C. 149.43(B)(1) and relevant case law) is based on the ordinary application of statutory law and case law as they existed at the time of the filing of the Complaint. The Court further finds that the Special Master's finding that Solon PD's failure to provide "contemporaneous narratives, interview video or other records referenced in the report for the last ten months and counting" (R&R, 16) is not error.

## III. Conclusion

{¶15} The Court overrules Solon PD's objections. The Court adopts the Special Master's Report and Recommendation. The Court denies Solon PD's motion to dismiss. The Court ORDERS Solon PD to produce records as detailed in the text and table in the Report and Recommendation. Solon PD may redact exempt items from its records as expressly provided in the Report and Recommendation. The Court finds that Solon PD failed to produce public records in a reasonable period of time. Because Brandt is an aggrieved person who has been denied access to public records in violation of R.C. 149.43(B), Brandt is entitled to recover from Solon PD the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Brandt, excepting attorney fees. Court costs are assessed against Solon PD. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed October 18, 2022**
**Sent to S.C. Reporter 11/4/22**